**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

CHARLENE AND TATUM HERNANDEZ,
individually, and on behalf of others similarly
situated, [ADDITIONAL PLAINTIFFS LISTED
ON SCHEDULE OF PLAINTIFFS, ATTACHED
HERETO AS EXHIBIT A],

     **Plaintiffs,**

v.

AAA INSURANCE [ADDITIONAL
DEFENDANTS LISTED ON SCHEDULE OF
PLAINTIFFS, ATTACHED HERETO AS
EXHIBIT B],

     **Defendants.**

_____/

CASE NO.: **10 - 3070**

**SECT. L MAG. 2**

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMAND**

**PLAINTIFFS' OMNIBUS CLASS ACTION COMPLAINT (VI)**

  Pursuant to Federal Rules of Civil Procedure 23, the Named Plaintiffs in this action bring

suit on behalf of themselves and all other similarly situated homeowners' insurance

policyholders (herein after referred to as "Class Members"), whose homes contain Chinese

manufactured drywall and who have suffered direct physical losses by virtue of their homes

containing Chinese manufactured drywall, but, for whom a Defendant in this action has denied

coverage for such direct physical loss, has dropped coverage, has denied renewal, and/or

increased premiums under their homeowners' insurance policy due to the presence of Chinese

manufactured drywall in the home.  The Named Plaintiffs now bring this Omnibus Class Action

Complaint (VI) on their own behalf and on behalf of all Class Members, seeking a declaration

pursuant to 28 U.S.C. § 2201 that their respective homeowners' insurance policies provide

coverage for direct losses to their homes caused by sulfur compounds emitted from Chinese

1

manufactured drywall located in their homes, and seeking damages and other remedies for breach of contract and unjust enrichment due to Defendants' failure to pay for Class Members' direct losses pursuant to their respective homeowners' insurance policies.

In order to accomplish an effective class structure, the Named Plaintiffs are participating in subclasses asserting claims against Defendant Homeowners' Insurance Companies who have written homeowners' insurance policies in the states of Louisiana, Florida, Alabama, Mississippi, and Texas.

## JURISDICTION AND VENUE

1.      Original jurisdiction of this Court exists by virtue of 28 U.S.C. § 1132(d)(2) and the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. § 1711, *et seq*. The Plaintiffs and certain of the Defendants in these actions are citizens of different states and the amounts in controversy exceed five million dollars ($5,000,000.00), exclusive of interest and costs. For each Subclass, the Court has original jurisdiction under CAFA and/or supplemental jurisdiction under 28 U.S.C. § 1367. At least one member of each of the Subclasses defined herein is a citizen of a state different than that of a Defendant named in that Subclass, and each Subclass has more than 100 members. In addition, this is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201 to declare rights surrounding questions of actual controversy that exist between the Plaintiffs and the Defendants.

2.      Venue in this district satisfies the requirements of 28 U.S.C. § 1391(b)(1)-(2) and (c) because Plaintiffs and a significant number of the absent class members reside in this jurisdiction and a substantial amount of the events and occurrences giving rise to these claims occurred in this District, or a substantial part of the property that is the subject of this action is situated in this district. Upon information and belief, the Homeowners Insurance Company

2

defendants are subject to personal jurisdiction in this district and/or are authorized to sell insurance in Louisiana, and/or do sell insurance in Louisiana. In the alternative, venue is otherwise appropriate in this district consistent with 28 U.S.C. § 1407 and the June 15, 2009 Transfer Order of the Judicial Panel on Multidistrict Litigation ("JPML"). *See In re: Chinese-Manufactured Drywall Products Liability Litigation*, 626 F. Supp. 2d 1346 (J.P.M.L. June 15, 2009).

## PARTIES

### *PLAINTIFFS*

3.      Plaintiffs, Charlene and Tatum Hernandez, are citizens of Louisiana and own real property located at 68034 Marion Street, Mandeville, Louisiana, 70471. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant AAA Insurance. These Plaintiffs are participating as class representatives in Subclass #1 as set forth below.

4.      Plaintiff, Gerald Landry, is a citizen of Louisiana and owns real property at 1921 Bayou Road, St. Bernard, Louisiana, 70085. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Allstate Indemnity Company. This Plaintiff is participating as a class representative in Subclass #2 as set forth below.

5.      Plaintiffs, Doug and Lisa Salzer, are citizens of Louisiana and own real property at 614 Carmenere Drive, Kenner, Louisiana, 70065. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Allstate Insurance Company. These Plaintiffs are participating as class representatives in Subclass #2 as set forth below.

6.      Plaintiffs, Brian and Tamara Thomas, are citizens of Louisiana and own real property at 856 Water Oak Dr., Brusly, Louisiana, 70719.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Allmerica Financial Corporation, formerly known as The Hanover Insurance Group, Inc.  These Plaintiffs are participating as class representatives in Subclass #3 as set forth below.

7.      Plaintiffs, Craig and Roberta Naden, are citizens of Louisiana and own real property at 5263 Courtyard Drive, Gonzales, Louisiana, 70737.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant America First Insurance.  These Plaintiffs are participating as class representatives in Subclass #4 as set forth below.

8.      Plaintiff, Rickey Ryckman, is a citizen of Louisiana and owns real property at 4820, Janice Ave., Kenner, Louisiana, 70065.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant American National Property and Casualty Company.  This Plaintiff is participating as a class representative in Subclass #5 as set forth below.

9.      Plaintiffs, Jared and Emily Lewis, are citizens of Louisiana and own real property at 9462 Country Lake Drive, Baton Rouge, Louisiana, 70817.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Armed Forces Insurance.  These Plaintiffs are participating as class representatives in Subclass #6 as set forth below.

10.     Plaintiff, Cassandra Youmans, is a citizen of Louisiana and owns real property at 5201 Chamberlain Dr., New Orleans, Louisiana, 70122.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant American Strategic

Insurance Corporation.  This Plaintiff is participating as a class representative in Subclass #7 as set forth below.

11.    Plaintiffs, Rosetta and Ernest Dufrene, are citizens of Louisiana and own real property at 166 Emerald Oaks Dr., Covington, Louisiana, 70433.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant ASI Lloyds.  These Plaintiffs are participating as class representatives in Subclass #7 as set forth below.

12.    Plaintiff, Dean Hopper, is a citizen of Louisiana and owns real property at 80714 Highway 1083, Bush, Louisiana, 70431.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Assurance Company of America.  This Plaintiff is participating as a class representative in Subclass #8 as set forth below.

13.    Plaintiffs, Bryan and Sandra Burgeois, are citizens of Louisiana and own real property at 431 Tacoma, New Orleans, Louisiana.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Auto Club Family Insurance Company.  These Plaintiffs are participating as class representatives in Subclass #9 as set forth below.

14.    Plaintiff, Georges and Janice Maillot, are citizens of Louisiana and own real property at 9 Tupelo Trace, Mandeville, Louisiana, 70471.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Chubb Group of Insurance Companies.  These Plaintiffs are participating as class representatives in Subclass #10 as set forth below.

15.    Plaintiff, Randy Piwetz, is a citizen of Louisiana and owns real property at 424 Inspiration Lane, Covington, Louisiana, 70433.  At all relevant times, the subject property was

insured by a homeowners insurance policy issued by Defendant Farmers Insurance Exchange. This Plaintiff is participating as a class representative in Subclass #11 as set forth below.

16.     Plaintiff, Marie Seiler, is a citizen of Louisiana and owns real property at 671 Solomon Drive, Covington, Louisiana, 70433. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Fidelity National Insurance Company. This Plaintiff is participating as a class representative in Subclass #12 as set forth below.

17.     Plaintiff, Roy Breaux, Sr., is a citizen of Louisiana and owns real property at 2517 Volpe Drive, Chalmette, Louisiana, 70043. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant GeoVera Specialty Insurance Company. This Plaintiff is participating as a class representative in Subclass #13 as set forth below.

18.     Plaintiffs, Connie and Nicola Fineschi, are citizens of Louisiana and own real property at 1200 Magnolia Alley, Mandeville, Louisiana, 70471. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Homesite Insurance Company. These Plaintiffs are participating as class representatives in Subclass #14 as set forth below.

19.     Plaintiffs, Gary and Michelle Callais, are citizens of Louisiana and own real property at 14 Callais Lane, St. Bernard, Louisiana, 70085. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Hull & Company, Inc. These Plaintiffs are participating as class representatives in Subclass #15 as set forth below.

20.     Plaintiffs, Charles and Mary Back, are citizens of Louisiana and own real property at 1215 Magnolia Alley, Mandeville, LA 70471. At all relevant times, the subject property was

insured by a homeowners insurance policy issued by Imperial Fire and Casualty Insurance Company. These Plaintiffs are participating as class representatives in Subclass #16 as set forth below.

21.     Plaintiffs, Paul and Celeste Clement, are citizens of Louisiana and own real property at 612 Ridgewood Dr., Metairie, Louisiana, 70001. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Lafayette Insurance Company. These Plaintiffs are participating as class representatives in Subclass #17 as set forth below.

22.     Plaintiff, Brent Petagna, is a citizen of Louisiana and own real property at 2619 Octavia Street, New Orleans, Louisiana, 70115. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Liberty Mutual Fire Insurance Company. This Plaintiff is participating as a class representative in Subclass #18 as set forth below.

23.     Plaintiff, Robert Collignon, is a citizen of Louisiana and owns real property at 3176 Carey St, Slidell, Louisiana, 70458. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Lighthouse Property Insurance Corporation. This Plaintiff is participating as a class representative in Subclass #19 as set forth below.

24.     Plaintiffs, Shaun and Justine Boudreaux, are citizens of Louisiana and own real property at 3005 Blanchard Drive, Chalmette, LA 70043. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Louisiana Citizens Property Insurance Corporation. This Plaintiff is participating as a class representative in Subclass #20 as set forth below.

25.     Plaintiff, Eugene Legendre, is a citizen of Louisiana and owns real property at 6857 Michah Way, Greenwell Springs, Louisiana, 70739.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Louisiana Farm Bureau Mutual Insurance Company.  This Plaintiff is participating as a class representative in Subclass #21 as set forth below.

26.     Plaintiffs, John and Lorraine Wenzel, are citizens of Louisiana and own real property at 80190 Red Hawk, Bush, Louisiana, 70431.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant MetLife Auto & Home Insurance Company.  These Plaintiffs are participating as class representatives in Subclass #22 as set forth below.

27.     Plaintiff, Sherie Linzy, is a citizen of Louisiana and owns real property at 836 Old Metairie Pl., Metairie, Louisiana, 70001.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Republic Fire and Casualty Insurance Company.  This Plaintiff is participating as a class representative in Subclass #23 as set forth below.

28.     Plaintiff, Craig Greene, is a citizen of Louisiana and owns real property at 3117 McClendon Ct., Baton Rouge, Louisiana, 70810-8376.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Safeco Insurance Company of America.  This Plaintiff is participating as a class representative in Subclass #24 as set forth below.

29.     Plaintiff, Bill and Amanda Stanley, are citizens of Louisiana and own real property at 4488 Raymond Labauve Rd., Brusly, Louisiana, 70719-2346.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Shelter

Insurance Companies. This Plaintiff is participating as a class representative in Subclass #25 as set forth below.

30.    Plaintiffs, Gordon and Donna DeLeon, are citizens of Louisiana and own real property at 1209 East St. Avide, Chalmette, Louisiana, 70043. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Southern Fidelity Insurance Company. These Plaintiffs are participating as class representatives in Subclass #26 as set forth below.

31.    Plaintiffs, Joel and Pearl Milliet, are citizens of Louisiana and own real property at 424 Claymont Circle, Madisonville, Louisiana, 70447. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant State Farm Insurance. These Plaintiffs are participating as class representatives in Subclass #27 as set forth below.

32.    Plaintiffs, Robert and Langlois Roth, are citizens of Louisiana and own real property at Rebecca 4218 Bluebonnet Road, Baton Rouge, Louisiana, 70809. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant State Farm Fire & Casualty Company. These Plaintiffs are participating as class representatives in Subclass #27 as set forth below.

33.    Plaintiff, Jack Benjamin, is a citizen of Louisiana and owns real property at 12 Pelham Drive, Metairie, Louisiana, 70005. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant The American Insurance Company. This Plaintiff is participating as a class representative in Subclass #28 as set forth below.

34.     Plaintiff, Larry Schields, is a citizen of Louisiana, and owns real property at 123 Emerson Drive, Kenner, LA 70065. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant AARP of Hartford. This Plaintiff is participating as a class representative in Subclass #29 as set forth below

35.     Plaintiff, Stale Eide, is a citizen of Louisiana and owns real property at 1201 Magnolia Alley, Mandeville, Louisiana, 70471. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant The Hartford Financial Services Group, Inc. This Plaintiff is participating as a class representative in Subclass #29 as set forth below.

36.     Plaintiff, Wavi Lee Bonnecarrere, is a citizen of Louisiana and owns real property at 40145 Taylor's Trail - Unit 1005, Slidell, Louisiana, 70461. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Hartford Insurance Company of the Midwest. This Plaintiff is participating as a class representative in Subclass #29 as set forth below

37.     Plaintiffs, Kelvin and Alicia Robins, are citizens of Louisiana and own real property at 1780 Ashland Drive, Zachary Louisiana, 70791. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant The Republic Group. These Plaintiffs are participating as class representatives in Subclass #30 as set forth below.

38.     Plaintiff, Debra Ann Frazier, is a citizen of Louisiana and owns real property at 10231 Castlewood Drive, New Orleans, Louisiana, 70127. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant United Fire &

Casualty Company. This Plaintiff is participating as a class representative in Subclass #31 as set forth below.

39.     Plaintiffs, Donald and Marcelyn Puig, are citizens of Louisiana and own real property at 302 Tallow Creek Boulevard, Covington, Louisiana 70433. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant USAA Casualty Insurance Company. These Plaintiffs are participating as class representatives in Subclass #32 as set forth below.

40.     Plaintiff, Lawrence Harvey, is a citizen of Louisiana and owns real property at 3217 Upperline St., New Orleans, Louisiana, 70125. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant ZC Sterling Insurance Corporation. This Plaintiff is participating as a class representative in Subclass #33 as set forth below.

41.     Plaintiffs, Charles and Sarah Hulsey, are citizens of Louisiana and own real property at 701 Arctic Fox Run, Madisonville, Louisiana. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Empire Fire and Marine Insurance Company. This Plaintiff is participating as a class representative in Subclass #34 as set forth below

42.     Plaintiff, James and Sherri Hernandez, are citizens of Florida and own real property at 2851 St. Bart's Square, Vero Beach, FL 32967. At all relevant times, the subject property was insured by a homeowners' insurance policy issued by Defendant ACA Home Insurance Corporation. These Plaintiffs are participating as a class representative in Subclass #35 as set forth below

43.     Plaintiffs, Jack and Vicki Feinhor, are citizens of Florida and own real property at 3177 Apple Blossom Drive, Alva, Florida, 33920. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Allstate Floridian Indemnity Company. These Plaintiffs are participating as class representatives in Subclass #36 as set forth below.

44.     Plaintiff, Hilario Candela, is a citizen of Florida and owns real property at 558 Loretto Avenue, Coral Gables, Florida. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant American Home Assurance Company. This Plaintiff is participating as a class representative in Subclass #37 as set forth below.

45.     Plaintiff, Jose Mendez, is a citizen of Florida and owns real property at 1421 NW 12th Ave., Cape Coral, Florida 33909. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant American Integrity Insurance Company of Florida. This Plaintiff is participating as a class representative in Subclass #38 as set forth below.

46.     Plaintiffs, Julio & Myriam Ramirez, are citizens of Florida and own real property at 550 Loretto Avenue, Coral Gables, Florida, 33146. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Chartis Insurance. These Plaintiffs are participating as class representatives in Subclass #37 as set forth below.

47.     Plaintiffs, Keith Baker and Linda Leri, are citizens of Florida and own real property at 12077 Honeysuckle Rd., Ft. Myers, Florida, 33966. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant American International Group. These Plaintiffs are participating as class representatives in Subclass #37 as set forth below.

48.     Plaintiff, Ann Macrory, is a citizen of Florida and owns real property at 544 Bimini Bay Blvd., Apollo Beach, Florida 33572 and at 558 Bimini Bay Blvd., Apollo Beach, Florida 33572.  At all relevant times, the subject properties were insured by homeowners insurance policies issued by Defendant American Strategic Insurance Corporation. This Plaintiff is participating as a class representative in Subclass # 39 as set forth below.

49.     Plaintiffs, Thomas and Kelly Cox, are citizens of Florida and own real property at 16912 Tangerine Boulevard, Loxahatchee, Florida, 33470.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Ameriprise Insurance Company or by Defendant Axa Re Property and Casualty.  These Plaintiffs are participating as class representatives in Subclass #40 and Subclass #43 as set forth below.

50.     Plaintiffs, William and Mary Anderson, are citizens of Florida and own real property at 1413 Emerald Dunes Drive, Sun City Center, Florida, 33573.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Amica Mutual Insurance Company.   These Plaintiffs are participating as class representatives in Subclass #41 as set forth below.

51.     Plaintiff, John Huzey, is a citizen of Florida and owns real property at 1040 NW 33rd Avenue Cape Coral, Florida, 33993.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant ASI Assurance Corporation.   This Plaintiff is participating as a class representative in Subclass #42 as set forth below.

52.     Plaintiff, Sherolyn V. Brandt, is a citizen of Florida and owns real property at 1496 Nolan Rd., Middleburg, Florida, 32068.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant ASI Preferred Insurance

Corporation. This Plaintiff is participating as a class representative in Subclass #42 as set forth below.

53.     Plaintiffs, William and Claudette McPherson, are citizens of Florida and own real property at 9637 Cobblestone Creek Drive, Boynton Beach, Florida, 33472. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant ASI Underwriters Corporation. These Plaintiffs are participating as class representatives in Subclass #42 as set forth below.

54.     Plaintiff, Robert Morton, is a citizen of Florida and owns real property at 5267 White Ibis Drive, North Port, Florida, 32487. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Cabrillo General Insurance Agency, Inc. This Plaintiff is participating as a class representative in Subclass #44 as set forth below.

55.     Plaintiff, John Terlizzi, is a citizen of Florida and owns real property at 27991 Largay Way #A201, Bonita Springs, Florida 34134. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant, Citizens Property Insurance Corporation. This Plaintiff is participating as a class representative in Subclass #45 as set forth below.

56.     Plaintiffs, Jason and Jessica James, are citizens of Florida and own real property at 3850 NW 32nd Place, Cape Coral, Florida 33993. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant, Coral Insurance Company. This Plaintiff is participating as a class representative in Subclass #46 as set forth below.

57.     Plaintiffs, John and Ruth Insco, are citizens of Florida and own real property at 17763 SW 47th St., Miramar, FL, 33029. At all relevant times, the subject property was insured

by a homeowners insurance policy issued by Defendant, Cypress Property and Casualty Insurance Company. This Plaintiff is participating as a class representative in Subclass #47 as set forth below.

58.     Plaintiffs, Gary Heckman and Katherine Hall, are citizens of Florida and own real property at 1041 Fish Hook Cove, Bradenton, Florida, 34212. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Empire Indemnity Insurance Company. These Plaintiffs are participating as class representatives in Subclass #48 as set forth below.

59.     Plaintiffs, John and Charlotte Dearborn, are citizens of Florida and own real property at 1703 N.W. 44th Ave., Cape Coral, FL 33993. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Edison Insurance Company. These Plaintiffs are participating as class representatives in Subclass #49 as set forth below.

60.     Plaintiffs, Gary and Nancy Aumack, are citizens of Florida and own real property at 1195 Westminster Place, Stuart, Florida, 34997. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Encompass Floridian Insurance Company. These Plaintiffs are participating as class representatives in Subclass #50 as set forth below.

61.     Plaintiffs, Ashley and Gloria McKnight, are citizens of Florida and own real property at 505 NW 3rd Place, Dania Beach, FL 33005. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Federated National Insurance Company. These Plaintiffs are participating as class representatives in Subclass #51 as set forth below.

15

62.     Plaintiffs, Horace and Donna Lindsay, are citizens of Florida and own real property at 2804 St. Bart's Square, Vero Beach, Florida 32967. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Fidelity Fire & Casualty Company. These Plaintiffs are participating as class representatives in Subclass #52 as set forth below.

63.     Plaintiffs, Lee and Maureen Arnold, are citizens of Florida and own real property at 1045 Fish Hook Cove, Bradenton, Florida, 34212. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Fireman's Fund Insurance Company. These Plaintiffs are participating as class representatives in a Subclass #53 as set forth below.

64.     Plaintiffs, Gerald and Susan Sternstein, are citizens of Florida and own real property at 526 Loretto Avenue, Coral Gables, Florida 33146. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant First Community Insurance Company. These Plaintiffs are participating as class representatives in Subclass #54 as set forth below.

65.     Plaintiffs, Paul and Susan Davis, are citizens of Florida and own real property at 2409 Country Road 119, Bryceville, Florida. At all relevant times, the subject property was insured by a homeowners policy issued by Defendant Florida Farm Bureau Casualty Insurance Company. Plaintiffs are participating as class representatives in Subclass #55 set forth below.

66.     Plaintiffs Tonya and Carmine DiSapio, are citizens of Florida and own real property at 24518 Wallaby Lane, Punta Gorda, Florida 33955. At all relevant times, the subject property was insured by a homeowners policy issued by Defendant Florida Peninsula Insurance Company. Plaintiffs are participating as class representatives in Subclass #56 set forth below.

67.    Plaintiff, Bermuda Village Condo Association, is a citizen of Florida and owns real property at Loretto Ave., Coral Gables Florida, 33146.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Great American Insurance.  This Plaintiff is participating as a class representative in Subclass #57 as set forth below.

68.    Plaintiffs, Ralph and Catherine Sangiovanni, are Florida citizens and own real property at 2219 SE 27th Street, Cape Coral, Florida, 33904.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Hartford Fire Insurance Company.  These Plaintiffs are participating as class representatives in Subclass #58 as set forth below.

69.    Plaintiffs, Frank and Elizabeth Vollmar, are citizens of Florida and own real property at 1820 SW 3rd Avenue, Cape Coral, Florida, 33991.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Homewise Preferred Insurance Company.   These Plaintiffs are participating as class representatives in Subclass #59 as set forth below.

70.    Plaintiff, Wilbar Investments LLC, is a Florida Limited Liability Company, a citizen of Florida, and owns real property at 9420 Eden Manor, Parkland, Florida, 33076.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Lantana Insurance LTD.  This Plaintiff is participating as class representatives in Subclass #60 as set forth below.

71.    Plaintiffs, Eddy St. Fort and Regine Barosy, are citizens of Florida and own real property at 3006 Juniper Lane, Davie, Florida, 33330.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Lexington Insurance

Company. These Plaintiffs are participating as class representatives in Subclass #61 as set forth below.

72.     Plaintiffs, Henry and Pauline Sampson, are citizens of Florida and own real property at 10630, Camarelle Circle, Ft. Myers, Florida, 33913. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Liberty Mutual Insurance Company. These Plaintiffs are participating as class representatives in Subclass #62 as set forth below.

73.     Plaintiff, Paul Sanden, is a citizen of Florida and owns real property at 824 Boca Ciega Isle Drive, St. Petersburgh, FL 33706. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Magnolia Insurance Company. This Plaintiff is participating as a class representative in Subclass #63 as set forth below.

74.     Plaintiff, Jose Matos, is a citizen of Florida and owns real property at 12580 Twin Branch Acres, Tampa, Florida, 33626. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Mercury Insurance Group. This Plaintiff is participating as a class representative in Subclass #64 as set forth below.

75.     Plaintiffs, Ali and Ilka McKinney, are citizens of Florida and own real property at 10560 SW Waterway Lane, Port St. Lucie, Florida, 34987 and 10806 SW Meeting Street, Port St. Lucie, Florida, 32987. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Mid-Continent Casualty Company. These Plaintiffs are participating as class representatives in Subclass #65 as set forth below.

76.     Plaintiff, Phyllis Cattano, is a citizen of Florida and owns real property at 2107 Northeast Juanita Place, Cape Coral, Florida, 33909. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant National Home Insurance

Company.  This Plaintiff is participating as a class representative in Subclass #66 as set forth below.

77.     Plaintiff, Marjorie Tinney, is a citizen of Florida and owns real property at 171 SE 2nd Court, Deerfield Beach, Florida, 33441.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant North Pointe Insurance Company.  This Plaintiff is participating as a class representative in Subclass #67 as set forth below.

78.     Plaintiffs, Edward and Madeline Schwall, are citizens of Florida and own real property at 3809 SW 11 Ct., Cape Coral, Florida 33914.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Olympus Insurance Company.  These Plaintiffs are participating as a class representative in Subclass #68 as set forth below.

79.     Plaintiffs, Don and Janice Marlinga, are citizens of Florida and own real property at 1169 Bald Eagle Court, Naples, Florida,34105.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Privilege Underwriters Reciprocal Exchange.  These Plaintiffs are participating as class representatives in Subclass #69 as set forth below.

80.     Plaintiff, Peace Harbor Condo Association c/o Penny Hill, is a citizen of Florida and owns real property at 900 E. Marion Avenue Clubhouse, Punta Gorda, Florida, 33950.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant QBE Insurance Corporation.  This Plaintiff is participating as a class representative in a Subclass #70 as set forth below.

81.     Plaintiffs, Novlet and Lionel Rose, are citizens of Florida and own real property at 1661 SE Mariner Lane, Port St. Lucie, Florida 34983.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Royal Palm Insurance Company.  These Plaintiffs are participating as class representatives in Subclass #71 as set forth below.

82.     Plaintiffs, Troy and Carrie Simms, are citizens of Florida and own real property at 3180 Lamb Court, Coconut Grove, Florida, 33133.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Scottsdale Insurance Company.  This Plaintiff is participating as a class representative in Subclass #72 as set forth below.

83.     Plaintiff, Francine Kelly, is a Florida citizen and owns real property at 8416 101st Court, Vero Beach, Florida, 32967.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Security First Insurance.  This Plaintiff is participating as a class representative in Subclass #73 as set forth below.

84.     Plaintiffs, Ronald and Lorraine Quackenbush, are citizens of Florida and own real property at 10560 S.W. Stephanie Way, Unit 205, Port St. Lucie, Florida 34987.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Southern Oak Insurance Company.  These Plaintiffs are participating as class representatives in Subclass #74 as set forth below.

85.     Plaintiff, Anne O'Hear, is a citizen of Florida and owns real property at 2354 SE Avalon Road, Port St. Lucie, Florida 34952.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant St. Johns Insurance Company. This Plaintiff is participating as a class representative in Subclass # 75 as set forth below.

86.   Plaintiff, Daniel D'Loughey, is a citizen of Florida and owns real property at 9424 Scarborough Terrace, Port St. Lucie, Florida, 34986.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant State Farm Florida Insurance Company.  This Plaintiff is participating as a class representative in Subclass #76 as set forth below.

87.   Plaintiff, Terry Sellman, is a citizen of Florida and owns real property at 10710 Miracle Lane, New Port Richey, Florida 34654.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Teachers Insurance Company. This Plaintiff is participating as a class representative in Subclass #77 as set forth below.

88.   Plaintiffs, Patrick and Ying-Ji McShane, are citizens of Florida and own real property at 1222 Fishtale Palm Court, north Port, Florida 34288.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Tower Hill Prime Insurance Company.  These Plaintiffs are participating as class representatives in Subclass #78 as set forth below.

89.   Plaintiff, Lois Massop, is a citizen of Florida and owns real property at 1064 SW Canary Terrace, Port St. Lucie, Florida 34953.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Tower Hill Select Insurance Company.  This Plaintiff is participating as class representatives in Subclass #79 as set forth below.

90.   Plaintiff, Byron Goin, is a citizen of Florida and owns real property at 2194 SW Idaho Lane, Port St. Lucie, Florida, 34953.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Tower Hill Preferred Insurance,

formerly known as Hillcrest Insurance Company. This Plaintiff is participating as a class representative in Subclass #80 as set forth below.

91.    Plaintiffs, Philip and Sandra Vickers, are citizens of Florida and own real property at 29234 Caddy Shack Lane, San Antonio, Florida, 33576. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Tower Hill Insurance Services. These Plaintiffs are participating as class representatives in Subclass #81 as set forth below.

92.    Plaintiffs, Elizabeth and Ramon Rodriguez, are citizens of Florida and own real property at 926 NE 18th Terrace, Cape Coral, Florida 33909. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant United Property and Casualty Insurance Company. These Plaintiffs are participating as class representatives in Subclass #82 as set forth below.

93.    Plaintiff, John and Lynn Schiller, are citizens of Florida and own real property at 1327 Little Gem Cir., Fort Myers, Florida 33913. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Universal Adjusting Corporation. These Plaintiffs are participating as class representatives in Subclass #83 as set forth below.

94.    Plaintiff, Terry Lee Firmani, is a citizen of Florida and owns real property at 393 N Breezy Point Loop, Port St. Lucie, Florida, 34986. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Universal Insurance Company of North America, Inc.. This Plaintiff is participating as a class representative in Subclass #84 as set forth below.

95.    Plaintiffs, Raymond and Corrye Creech, are citizens of Florida and own real property at 2506 SW National Circle, Port St. Lucie, Florida, 34953.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Universal Property and Casualty Insurance Company.   These Plaintiffs are participating as class representatives in Subclass # 85 as set forth below.

96.    Plaintiffs, Richard and Marian James, are citizens of Florida and own real property at 804 King Leon Way, Sun City Center, Florida, 33573.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant USAA Casualty Insurance Company.   These Plaintiffs are participating as class representatives in Subclass #86 as set forth below.

97.    Plaintiffs, Colin and Natasha Green, are citizens of Florida and own real property at 6779 NW Omega Rd., Port St. Lucie, Florida, 34983.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Zurich North America.  These Plaintiffs are participating as class representatives in Subclass #48 as set forth below.

98.    Plaintiff, Brian Charles Styron, is a citizen of Alabama and owns real property at 7971 Magnolia Springs Highway, Foley, Alabama, 36535. At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Allstate Indemnity Company.  This Plaintiff is participating as a class representative in Subclass #87 as set forth below.

99.    Plaintiffs, Matthew C. and Melanie A. Cotton, are citizens of Alabama and own real property at 19815 Indiana St., Citronelle, Alabama, 36522.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Fire Insurance

Exchange.  These Plaintiffs are participating as class representatives in Subclass #88 as set forth below.

100.    Plaintiff, Stacey Keyt, is a citizen of Mississippi and owns real property at 806 Villere Street, Waveland, Mississippi 39576.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Mississippi Farm Bureau Insurance Company.  This Plaintiff is participating as class representatives in Subclass #89 as set forth below.

101.    Plaintiffs, Mark and Gina Anglada, are citizens of Mississippi and own real property at 20 Kaylen Dr., Perkinston, Mississippi, 39573.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Nationwide Mutual Insurance Company.  These Plaintiffs are participating as class representatives in Subclass #90 as set forth below.

102.    Plaintiffs, Eric and Stacy Schlabach, are citizens of Texas and own real property at 2303 Tarrytown Crossing, Conroe, Texas, 77304.  At all relevant times, the subject property was insured by a homeowners insurance policy issued by Defendant Texas Farmers Insurance Company.  These Plaintiffs are participating as class representatives in Subclass #91 as set forth below.

## DEFENDANTS

103.    Each of the following Defendants (collectively the "Homeowners Insurance Company Defendants") issued homeowners' insurance policies under which a Plaintiff or Class Member is a named or additional insured that provides coverage for damages and remedies under the insurance policy as a result of Chinese manufactured drywall being located in the insured Plaintiff's home.

24

104.    Defendant, AAA Insurance, is a Missouri corporation with its principal place of business in St. Louis, Missouri. Among other states, Defendant AAA Insurance underwrites and issues homeowners' insurance policies in the state of Louisiana.

105.    Defendant, Allstate Insurance Corporation, is an Illinois corporation with its principal place of business in Northbrook, Illinois. Defendant Allstate Insurance Corporation is the parent company of Defendants Allstate Indemnity Company and Allstate Floridian Indemnity Company, and is actively involved in the underwriting practices of these two subsidiaries and acts in concert with each of them. Defendant Allstate Indemnity Company is an Illinois corporation with its principal place of business in Northbrook, Illinois, and Defendant Allstate Floridian Indemnity Company is a Florida corporation with its principal place of business in St. Petersburg, Florida. Upon information and belief, acting in concert with its parent corporation, Defendant Allstate Indemnity Company underwrites and issues homeowners' insurance policies throughout the United States, including in Alabama and Louisiana. Similarly, upon information and belief, acting in concert with its parent corporation, Defendant Allstate Floridian Indemnity Company underwrites and issues homeowners' insurance policies in the state of Florida. Upon information and belief, the parent corporation, Defendant Allstate Insurance Company, directly underwrites and issues homeowners' insurance policies in the state of Louisiana.

106.    Defendant, Allmerica Financial Corporation, formerly known as The Hanover Insurance Group, Inc., is a Delaware corporation with its principal place of business in Worcester, Massachusetts. Allmerica Financial Corporation, formerly known as The Hanover Insurance Group, Inc., directly underwrites and issues homeowners' insurance policies in the state of Louisiana.

107. Defendant, America First Insurance, is a Texas Corporation with its principal place of business in Richardson, Texas. Defendant America First Insurance maintains regional offices in St. Louis, Missouri, Oklahoma City, Oklahoma, and Ruston, Louisiana. Among other states, Defendant America First Insurance underwrites homeowners' insurance policies in the state of Louisiana.

108. Defendant, American Integrity Insurance Company of Florida, is a Florida corporation with its principal place of business in Tampa, Florida. Defendant, American Integrity Insurance Company of Florida underwrites homeowners' insurance policies in Florida.

109. Defendant, American International Group, Inc. is a Delaware corporation with its principal place of business in New York, New York. Defendant American International Group is the parent company of Defendant American Home Assurance Company and Defendant Chartis and is actively involved in the underwriting practices of these two subsidiaries. Defendant American Home Assurance Company is a New York Corporation with its principal place of business in New York, New York. Defendant, Chartis, is a New York corporation with its principal place of business in New York, New York. Upon information and belief, acting in concert with their parent corporation, Defendant American Home Assurance Company and Defendant Chartis underwrite and issue homeowners' insurance policies throughout the United States, including Florida.

110. Defendant, American National Property and Casualty Company, is a Missouri corporation with its principal place of business in Springfield, Missouri. Among other states, Defendant American National Property and Casualty Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

111.    Defendant, American Strategic Insurance Corporation is a Florida corporation with its principal place of business in St. Petersburg, Florida.  Defendant, ACA Home Insurance Corporation, is a Florida corporation with its principal place of business in St. Petersburg, Florida.  Defendant, ASI Assurance Corporation, is a Florida corporation with its principal place of business in St. Petersburg, Florida.   Defendant ASI Preferred Insurance Corporation is a Florida corporation with its principal place of business in St. Petersburg, Florida. Defendant, ASI Lloyds, is a Texas corporation with its principal place of business in St. Petersburg, Florida. Defendant ASI Underwriters, Corp., is a Florida corporation with its principal place of business in St. Petersburg, Florida.  Defendant ASI Underwriters, Corp., is a managing general agency that underwrites policies, markets to agents, and processes claims for the benefit of American Strategic Insurance, Corporation and ASI Assurance Corporation.  Defendant ASI Underwriters of Texas, Inc. is a Texas corporation with its principal place of business in St. Petersburg, Florida.    Defendant ASI Underwriters of Texas, Inc. is a managing general agency that underwrites policies, markets to agents, and processes claims for the benefit of ASI Lloyds. Among other states, Defendants American Strategic Insurance Corporation, ASI Assurance Corporation, ASI Preferred Insurance Corporation, and ASI Lloyds, underwrite and issue insurance polices in the states of Florida and Louisiana.

112.    Defendant, Ameriprise Insurance Company, is a Wisconsin Corporation with its principal place of business in De Pere, Wisconsin.  Among other states, Defendant Ameriprise Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

113.    Defendant, Amica Mutual Insurance Company, Rhode Island Corporation with its principal place of business in Lincoln, Rhode Island.  Among other states, Defendant Amica

Mutual Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

114.     Defendant, Armed Forces Insurance Corporation, is a Kansas corporation with its principal place of business in Leavenworth, Kansas. Among other states, Defendant Armed Forces Insurance Corporation underwrites and issues homeowners' insurance policies in the state of Louisiana.

115.     Defendant, Assurance Company of America, is a New York corporation with its principal place of business in Schaumburg, Illinois. Among other states, Defendant Assurance Company of America underwrites and issues homeowners' insurance policies in the state of Louisiana.

116.     Defendant, Auto Club Family Insurance, is a Missouri corporation with its principal place of business in St. Louis, Missouri. Among other states, Defendant Auto Club Family Insurance underwrites and issues homeowners' insurance policies in the state of Louisiana.

117.     Defendant, Axa Re Property and Casualty Insurance Company, is a Delaware corporation with its principal place of business in New York, New York.  Among other states, Defendant Axa Re Property and Casualty Insurance underwrites and issues homeowners' insurance policies in the state of Florida.

118.     Defendant, Bankers Insurance Group, is a Florida corporation with its principal place of business in St. Petersburg, Florida.  Defendant, Bankers Insurance Group, is the parent company of First Community Insurance Company.  Defendant, First Community Insurance Company, is a Florida corporation with its principal place of business in St. Petersburg, Florida. Among other states, Defendant Bankers Insurance Group underwrites and issues homeowners'

insurance policies in the state of Florida.  Upon information and belief, acting in concert with its parent corporation, Defendant First Community Insurance Company underwrites and issues homeowners' insurance policies throughout the United States, including in the State of Florida.

119.    Defendant, Cabrillo General Insurance Agency, Inc., is a California corporation with its principal place of business in San Diego, California.  Among other states, Defendant Cabrillo General Insurance Agency, Inc. underwrites and issues homeowners' insurance policies in the state of Florida.

120.    Defendant, Chubb Group Insurance, is an Indiana corporation with its principal place of business in Warren, New Jersey.  Defendant Chubb Group Insurance is a division of Federal Insurance Company, which is a New Jersey corporation with its principal place of business in Warrant, New Jersey.  Both Defendant Chubb Group Insurance and Federal Insurance Company are engaged in the underwriting and issuing of homeowners' insurance policies.  Upon information and belief, acting in concert with and under the direction of Defendant Federal Insurance Company, Defendant Chubb Group Insurance underwrites and issues homeowners insurance policies in the state of Louisiana.

121.    Defendant, Citizens Property Insurance Corporation, is a Florida corporation with its principal place of business in Miami, Florida.  Defendant Citizens Property Insurance Corporation underwrites and issues homeowners insurance policies in the state of Florida.

122.    Defendant, Coral Insurance Company, is a Florida corporation with its principal place of business in Miami, Florida.  Defendant Coral Insurance Company underwrites and issues homeowners insurance policies in the state of Florida.

123.    Defendant, Cypress Casualty Insurance Company, is a Florida corporation with its principal place of business in Jacksonville, Florida.   Defendant Cypress Casualty Insurance Company underwrites and issues homeowners insurance policies in the state of Florida.

124.    Defendant, Edison Insurance Company, is a Florida corporation with its principal place of business in St. Petersburg, Florida.  Defendant Edison Insurance Company underwrites and issues homeowners insurance policies in the state of Florida.

125.    Defendant, Encompass Floridian Insurance Company, is an Illinois corporation with its principal place of business in Northbrook, Illinois. Defendant Encompass Floridian Insurance Company underwrites and issues homeowners' insurance policies in Florida.

126.    Defendant Farmers Group, Inc. is a Nevada corporation with a principal place of business in Los Angeles, California.  Defendant Farmers Insurance Group, Inc. is the parent company of Fire Underwriters Association, Famers Underwriters Association, and Texas Farmers Insurance Company. In addition, Fire Underwriters Association is the attorney-in-fact for the Fire Insurance Exchange.  Defendant Farmers Group, Inc. is actively involved in the underwriting practices of Fire Underwriters Association, Famers Underwriters Association, Fire Insurance Exchange and the Texas Farmers Insurance Company. Defendant, Farmers Insurance Exchange, a/k/a Farmers Insurance Group, is a California corporation with its principal place of business in Los Angeles, California.   Among other states, Defendant Farmers Insurance Exchange underwrites homeowners insurance policies in the states of Alabama and Louisiana. Defendant, Fire Insurance Exchange, is a California insurance corporation with its principal place of business in Los Angeles, California.  Defendant Fire Insurance Exchange is a wholly owned subsidiary of Farmers Insurance Group.  Among other states, Defendant Fire Insurance Exchange underwrites and issues homeowners insurance policies in the state of Alabama.

Defendant Texas Farmers Insurance Company, is Texas based corporation.  Defendant, Texas Farmers Insurance Company, is a subsidiary of Farmers Insurance Group, a California corporation with a principal place of business in Los Angeles, California.  Among other states, Defendant Texas Farmers Insurance Company underwrites and issues homeowners insurance policies in the state of Texas.

127.    Defendant, Federated National Insurance Company, is a Florida corporation with its principal place of business in Lauderdale Lakes, Florida.  Defendant Federated National Insurance Company underwrites and issues homeowners insurance policies in the state of Florida.

128.    Defendant Fidelity Insurance Holdings, Inc. is a Florida corporation with its principal place of business in Lake Mary, Florida.  Defendant Fidelity Insurance Holdings, Inc. is the parent company of Defendant, Fidelity Fire & Casualty Company.  Defendant Fidelity Fire & Casualty Company is a California corporation with its principal place of business in Lake Mary, Florida.  Upon information and belief, acting in concert with its parent corporation, Defendant Fidelity Fire & Casualty Company underwrites and issues homeowners' insurance policies throughout the United States, including in the State of Florida.

129.    Defendant Fidelity National Financial, Inc. is a Delaware corporation with its principal place of business in Santa Ana, California.  Defendant Fidelity National Financial, Inc. is the parent company of Defendant Fidelity National Insurance Company.  Defendant Fidelity National Insurance Company is a California corporation with its principal place of business in Santa Ana, California.   Upon information and belief, acting in concert with its parent corporation, Defendant Fidelity National Insurance Company underwrites and issues homeowners' insurance policies throughout the United States, including in the State of Florida.

130.    Defendant, Fireman's Fund Insurance Company, is a California corporation with its principal place of business in Novato, California.  Among other states, Defendant Fireman's Fund Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana. Defendant, The American Insurance Company, is a California based corporation with a principal place of business in Novato, California.  The American Insurance Company is an affiliate of Fireman's Insurance Fund, a California based corporation with a principal places of business in Novato, California.   Among other states, Defendant The American Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

131.    Defendant, Florida Farm Bureau Casualty Insurance Company, is a Florida corporation with its principal place of business in Gainesville, Florida.  Among other states, Defendant Florida Farm Bureau Casualty Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

132.    Defendant, Florida Peninsula Insurance Company, is a Florida corporation with its principal place of business in Boca Raton, Florida.  Among other states, Defendant Florida Peninsula Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

133.    Defendant, Geo Vera Specialty Insurance, is a California Corporation with its principal place of business in Fairfield, California.  Among other states, Defendant Geo Vera Specialty Insurance underwrites and issues homeowners' insurance policies in the state of Louisiana.

134.    Defendant, Great American Insurance Company, is an Ohio corporation with its principal place of business in Cincinnati, Ohio.  Among other states, Defendant Great American

Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

135.    Defendant, Homesite Insurance Company, is a Connecticut corporation with its principal place of business in Boston, Massachusetts. Among other states, Defendant Homeowners Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

136.    Defendant, Homewise Preferred Insurance Company, is a Florida corporation with its principal place of business in Tampa, Florida.  Among other states, Defendant Homewise Preferred Insurance Company underwrites and issues homeowners' insurance policies in the states of Florida and South Carolina.

137.    Defendant, Hull & Company, Inc., is a Florida corporation with its principal place of business in Ft. Lauderdale, Florida.  Among other states, Defendant Hull & Company, Inc. underwrites and issues homeowners' insurance policies in the state of Louisiana.

138.    Defendant, Imperial Fire and Casualty Insurance Company, is a Louisiana corporation with its principal place of business in Opelousas, Louisiana.  Defendant Imperial Fire and Casualty Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

139.    Defendant, Lafayette Insurance Company is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.  It is a wholly owned subsidiary of Defendant, United Fire Group, which is an Iowa corporation with its principal place of business in Cedar Rapids, Iowa.  Among other states, Defendant Lafayette Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana, and upon information and belief

underwrites and issues such policies in concert with its parent corporation, Defendant United Fire Group.

140.    Defendant, Lantana Insurance LTD, is a Bermuda insurance corporation with its principal place of business in Bermuda.  Defendant, Lantana Insurance LTD, is authorized to write on a surplus lines basis in all states of the United States except for Massachusetts, Minnesota, New Hampshire and Vermont.  Among other states, Defendant Lantana Insurance LTD underwrites and issues homeowners' insurance policies in the state of Florida.

141.    Defendant, Lexington Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.  Among other states, Defendant Lexington Insurance Company underwrites and issues homeowners' insurance policies in the state of Alabama.

142.    Defendant, Liberty Mutual Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.  Among other states, Defendant Liberty Mutual Insurance Company underwrites and issues homeowners' insurance policies in the states of Florida and Louisiana.

143.    Defendant, Liberty Mutual Fire Insurance Company is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.  Among other states, Defendant Liberty Mutual Fire Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

144.    Defendant, Lillian Assurance Group, Inc. is a Florida corporation which does business as Defendant Lighthouse Property Insurance Company, a Louisiana domiciled insurance company. Defendant Lighthouse Property Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

145. Defendant, Louisiana Citizens Property Insurance Corporation, is a Louisiana Corporation with its principal place of business in Metairie, Louisiana. Defendant, Louisiana Citizens Property Insurance Corporation, underwrites and issues homeowners' insurance policies in the state of Louisiana.

146. Defendant, Louisiana Farm Bureau Mutual Insurance Company, is a Louisiana Corporation with its principal place of business in Baton Rouge, Louisiana. Defendant, Louisiana Farm Bureau Mutual Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

147. Defendant, Magnolia Insurance Company, is a Florida Insurance company with its principal place of business in Coconut Grove, Florida. Defendant, Magnolia Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

148. Defendant, Mercury Insurance Group, Inc., is a South Carolina corporation with its principal place of business in Irmo, South Carolina. Among other states, Defendant Mercury Insurance Group, Inc. underwrites and issues homeowners' insurance policies in Florida.

149. Defendant, MetLife Auto and Home Insurance Company, is a New York corporation with its principal place of business in New York, New York. Among other states, Defendant MetLife Auto and Home Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

150. Defendant, Mid-Continent Casualty Company, is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma. Among other states, Defendant Mid-Continent Casualty Company underwrites and issues homeowners' insurance policies in the state of Florida.

151.    Defendant, Mississippi Farm Bureau Insurance Company, is a Mississippi corporation with its principal place of business in Jackson Mississippi. Defendant Mississippi Farm Bureau Insurance Company underwrites and issues homeowners' insurance policies in the state of Mississippi.

152.    Defendant, National Home Insurance Company (A Risk Retention Group), is a Colorado corporation with its principal place of business in Denver, Colorado. Among other states, Defendant National Home Insurance Company (A Risk Retention Group) underwrites and issues homeowners' insurance policies in Florida.

153.    Defendant, Nationwide Mutual Insurance Company, is an Ohio corporation with its principal place of business in Columbus, Ohio. Among other states, Defendant Nationwide Mutual Insurance Company underwrites and issues homeowners' insurance policies in the state of Mississippi and Florida.

154.    Defendant, North Pointe Insurance Company, is a Michigan corporation with its principal place of business in Southfield, Michigan. Among other states, Defendant North Pointe Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

155.    Defendant, Olympus Insurance Company, is a Florida corporation with its principal place of business in Orlando, Florida. Defendant Olympus Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

156.    Defendant, Privilege Underwriters Reciprocal Exchange, is a New York corporation with its principal place of business in Lexington, New York. Among other states, Defendant Privilege Underwriters Reciprocal Exchange underwrites and issues homeowners' insurance policies in the state of Florida.

157.    Defendant, The Progressive Casualty Insurance Company, is an Ohio corporation, with its principal place of business in Mayfield Village, Ohio.  Among other states, Defendant The Progressive Casualty Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.  Defendant Progressive Home Advantage, is a subsidiary of The Progressive Casualty Insurance Company, an Ohio corporation with its principal place of business in Mayfield Village, Ohio.  Among other states, Defendant Progressive Home Advantage underwrites and issues homeowners' insurance policies in the state of Louisiana, and upon information and belief underwrites and issues such policies in concert with its parent corporation, Defendant The Progressive Casualty Insurance Company.

158.    Defendant, QBE Insurance Corporation, is a Pennsylvania corporation with its principal place of business in New York, New York.  Among other states, Defendant QBE Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

159.    Defendant, Republic Fire & Casualty Insurance Company, is a Texas corporation with its principal place of business in Dallas, Texas.  Among other states, Defendant Republic Fire & Casualty Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

160.    Defendant, Royal Palm Insurance Company, is a Florida corporation with its principal place of business in Gainesville, Florida.  Defendant Royal palm Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

161.    Defendant, Safeco Insurance Company of America, is a Washington corporation, with its principal place of business in Boston, Massachusetts.  Among other states, Defendant

Safeco Insurance Company of America underwrites and issues homeowners' insurance policies in the state of Louisiana.

162.   Defendant, Scottsdale Insurance Company, is an Arizona corporation, with its principal place of business in Scottsdale, Arizona.   Among other states, Defendant Scottsdale Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida and Louisiana.

163.   Defendant, Security First Insurance Company, is a Florida corporation, with its principal place of business in Ormond Beach, Florida.   Defendant Security First Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida and Florida.

164.   Defendant, Shelter Insurance Company, is a Missouri corporation, with its principal place of business in Columbus, Missouri.   Among other states, Defendant Shelter Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

165.   Defendant, Southern Fidelity Insurance Company, is a Florida corporation, with its principal place of business in Tallahassee, Florida.   Among other states, Defendant Southern Fidelity Insurance Company underwrites and issues homeowners' insurance policies in the states of Louisiana and Florida.

166.   Defendant, Southern Oak Insurance Company, is a Florida Corporation, with its principal place of business in Jacksonville, Florida.   Defendant Southern Oak Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

167.    Defendant, St. Johns Insurance Company, is a Florida corporation, with its principal place of business in Orlando, Florida. Defendant St. Johns Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

168.    Defendant, State Farm Insurance, is an Illinois corporation, with its principal place of business in Bloomington, Illinois. Among other states, Defendant State Farm Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana. Defendant State Farm Florida Insurance Company, is a subsidiary of Defendant State Farm Insurance Company and is a Florida corporation with its principal place of business in Winter Haven, Florida. Among other states, Defendant State Farm Florida Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana, and upon information and belief underwrites and issues such policies in concert with its parent corporation, Defendant State Farm Insurance. Defendant, State Farm Fire & Casualty Company, is an Illinois corporation, with its principal place of business in Bloomington, Illinois, and is a subsidiary of State Farm Insurance Company. Among other states, Defendant State Farm Fire & Casualty Company underwrites and issues homeowners' insurance policies in the state of Louisiana and Mississippi.

169.    Defendant, Teachers' Insurance Company, is an Illinois corporation, with its principal place of business in Springfield, Illinois. Among other states, Defendant Teacher's Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

170.    Defendant, The Hartford Financial Services Group, Inc. ("The Hartford"), is a Connecticut corporation, with its principal place of business in Hartford, Connecticut. Defendant, The Hartford, underwrites and issues homeowners' insurance policies in the state of

Louisiana, among other states.  In addition, The Hartford is the parent corporation of Defendants AARP of Hartford, Hartford Insurance Company of the Midwest, and the Hartford Fire Insurance Company.  Defendant, AARP of Hartford, is a Delaware corporation with its principal place of business in Hartford, Connecticut.  Upon information and belief, acting in concert with its parent corporation, Defendant AARP of Hartford underwrites and issues homeowners' insurance policies in the state of Louisiana, among other states.  Defendant, Hartford Insurance Company of the Midwest, is an Indiana corporation with its principal place of business in Hartford, Connecticut.  Upon information and belief, acting in concert with its parent corporation, Defendant Hartford Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana, among other states.  Defendant, The Hartford Fire Insurance Company, is a Connecticut corporation, with its principal place of business in Hartford, Connecticut.  Upon information and belief, acting in concert with its parent corporation, Defendant, The Hartford Fire Insurance Company, underwrites and issues homeowners' insurance policies in the state of Louisiana, among other states.

171.    Defendant, The Republic Group, is a Texas corporation, with its principal place of business in Dallas, Texas.  Among other states, Defendant The Republic Group underwrites and issues homeowners' insurance policies in the state of Louisiana.

172.    Defendant, Tower Hill Insurance Group, LLC, is a Florida corporation with its principal place of business in Gainesville, Florida.  Defendant Tower Hill Insurance Group, LLC. is the parent company of Defendants, Tower Hill Prime Insurance Company, Tower Hill Select Insurance Company and Tower Hill Preferred Insurance Company, formerly known as Hillcrest Insurance Company.  Defendant Tower Hill Prime Insurance Company is a Florida corporation with its principal place of business in Gainesville, Florida.  Defendant Tower Hill

Select Insurance Company is a Florida corporation with its principal place of business in Gainesville, Florida. Defendant Tower Hill Preferred Insurance Company is a Florida corporation with its principal place of business in Gainesville, Florida. Upon information and belief, acting in concert with its parent corporation, Defendants Tower Hill Prime Insurance Company, Tower Hill Select Insurance Company and Tower Hill Preferred Insurance Company underwrite and issues homeowners' insurance policies throughout the United States, including in the State of Florida.

173.    Defendant, Tower Hill Insurance Services, LLC is a Kentucky limited liability company, with its principal place of business in Lexington, Kentucky. Among other states, Defendant Tower Hill Insurance Services, LLC underwrites and issues homeowners' insurance policies in the state of Florida.

174.    Defendant, United Fire and Casualty Company, is an Iowa corporation, with its principal place of business in Cedar Rapids, Iowa. Among other states, Defendant United Fire and Casualty Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

175.    Defendant, United Property and Casualty Insurance Company, is a Florida corporation with its principal place of business in Saint Petersburg, Florida. Among other states, Defendant United Property and Casualty Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

176.    Defendant, Universal Adjusting Corporation, is a Florida corporation with its principal place of business in Fort Lauderdale, Florida. Among other states, Defendant Universal Adjusting Corporation underwrites and issues homeowners' insurance policies in the state of Florida.

177.    Defendant, Universal Insurance Company of North America, is a Florida corporation with its principal place of business in Sarasota, Florida.    Defendant, Universal Group, Inc. is a Puerto Rico corporation, with its principal place of business in San Juan. Defendant Universal Group, Inc., is the parent corporation of Universal Insurance Company of North America. Upon information and belief, acting in concert with its parent corporation, Defendant Universal Insurance Company of North America underwrites and issues homeowners' insurance policies in the state of Florida, among other states.

178.    Defendant, Universal Property and Casualty Insurance Company, is a Florida corporation, with its principal place of business in Fort Lauderdale, Florida. Defendant Universal Property and Casualty Insurance Company underwrites and issues homeowners' insurance policies in the state of Florida.

179.    Defendant, USAA Casualty Insurance Company, is a Texas corporation, with its principal place of business in San Antonio, Texas.    Among other states, Defendant USAA Casualty Insurance Company underwrites and issues homeowners' insurance policies in the states of Florida, Louisiana and Mississippi.

180.    Defendant, ZC Sterling Insurance Company, now doing business as Sterling National, is a Delaware corporation, with its principal place of business in Atlanta, Georgia. Among other states, Defendant Sterling National Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana.

181.    Defendant, Zurich North America, is an Illinois corporation, with its principal place of business in Schaumburg, Illinois. Among other states, Defendant Zurich North America underwrites and issues homeowners' insurance policies in the state of Florida. In addition, Zurich North America is the parent corporation to Defendant Empire Indemnity Insurance

Company and to Defendant Empire Fire and Marine Insurance Company. Defendants Empire Indemnity Insurance Company and Empire Fire and Marine Insurance Company are Nebraska corporations with principal places of business in Omaha, Nebraska. Both Defendants Empire Indemnity Insurance Company and Empire Fire and Marine Insurance Company, acting in concert with their parent corporation, Zurich North America, underwrite and issue homeowners insurance policies in the states of Louisiana and Florida, among other states.

182. Defendant Empire Fire and Marine Insurance Company is a Nebraska corporation with its principal place of business in Schaumburg, Illinois. Among other states, Defendant Empire Fire and Marine Insurance Company underwrites and issues homeowners' insurance policies in the state of Louisiana, and upon information and belief underwrites and issues such policies in concert with its parent corporation, Defendant Zurich North America.

### FACTS GIVING RISE TO THE UNDERLYING CLAIMS

183. All or part of the drywall located in Plaintiffs' and Class Members' homes is Chinese manufactured drywall.

184. The Chinese manufactured drywall in Plaintiffs' homes emits sulfur compounds including, but not limited to, hydrogen sulfide, carbonyl sulfide, and carbon disulfide.

185. The sulfur compounds attach to metal components in the home, combine with moisture which has accumulated on the metal components due to temperature change and the resultant condensation, and react with the metal components (otherwise resistant to oxidation) causing a sulfidation reaction which forms a black sulfide to form on the surface of the metals. The black sulfide initially causes greater resistance and eventually failure of all electrical devices containing copper wire of any types (speaker, electrical, coaxial, telephone, and circuit boards), cracking and pitting of copper tubing of all types (A/C coils, plumbing, HVAC line sets and

supply lines, and hot water heater lines), destruction of items with silver components or pieces (jewelry, appliances, electrical devices, smoke alarms, carbon monoxide detectors, computers, and virtually every other item containing silver contacts).

186.    Plaintiffs and Class Members have suffered and will continue to suffer direct physical loss due to the damaging effects of the sulfur compounds emitted from Chinese manufactured drywall installed in their homes. These damages include, but are not limited to, costs of inspection; costs and expenses necessary to remedy, replace and remove the drywall and other property that has been impacted; lost value or devaluation of their homes, residences or structures and property as a direct result of damage caused to the property, and other ensuing loss.

187.    Plaintiffs here seek declaratory relief mandating coverage by the respective Insurance Company Defendants for all damages and remedies under the pertinent insurance policies as a result of Chinese manufactured drywall located in Plaintiffs' homes and the corrosive and harmful effects of the hydrogen sulfide and other compounds being released from these products.   Plaintiffs additionally seek damages for breach of contract and unjust enrichment.

## FACTS REGARDING THE INSURANCE POLICIES

188.    Plaintiffs and Class Members herein purchased homeowner's insurance policies from Defendants providing coverage for all risks of direct physical loss or damage to their homes, contents, and other personal structures, unless a named exclusion applies to void coverage.

189.    Upon information and belief, The homeowners' insurance policies issued by each Homeowners Insurance Company Defendant to Plaintiffs and Class Members are identical or

substantially similar such that they are subject to uniform interpretation regarding coverage for damages to property associated with the sulfur compounds emitted from Chinese manufactured drywall.

190.    Upon information and belief, Defendants have denied and/or intend to deny the homeowner's policy claims of all Plaintiffs and Class Members due to the following exclusions (hereinafter collectively referred to as the "Policy Exclusions"):

 a.  Pollution Exclusion;

 b.  Wear and Tear, Inherent Vice, and/or Latent Defect Exclusion

 c.  Materials Defect and/or Faulty Workmanship Exclusion

## CLASS ACTION ALLEGATIONS

191.    Plaintiffs bring this suit as a class action pursuant to Rules 23(a), (b)(1), (b)(2), (b)(3) and/or 23(c)(4) of the Federal Rules of Civil Procedure, on behalf of themselves and on behalf of all similarly situated persons who are defined to be the following:

> All residents of the United States who are or were owners of real property 1) located in Louisiana, Florida, Alabama, Mississippi, or Texas and 2) whose real property contains or contained Chinese drywall and 3) who are or were insured by a homeowner's insurance policy issued by a Homeowners' Insurance Company Defendant as identified in this Class Action Complaint.

192.    Plaintiffs and Class Members anticipate subclasses corresponding to each Homeowner Insurance Company Defendant in each of the states listed below.

### *State of Louisiana Properties Subclasses*

Subclass #1  AAA Insurance

Subclass #2  Allstate Indemnity Company and Allstate Insurance Company

Subclass #3  Allmerica Financial Corporation f/k/a The Hanover Insurance Group, Inc.

Subclass #4  America First Insurance

Subclass #5    American National Property and Casualty Company.

Subclass #6    Armed Forces Insurance

Subclass #7    ASI Lloyds, American Strategic Insurance Corporation, ASI Assurance, ASI Preferred Insurance Corporation, ASI Underwriters, Corp., and ASI Underwriters of Texas, Inc.

Subclass #8    Assurance Company of America

Subclass #9    Auto Club Family Insurance Company

Subclass #10   Chubb Group of Insurance Companies

Subclass #11   Farmers Insurance Exchange, Farmers Group, Inc., Fire Underwriters Association as attorney in fact for Fire Insurance Exchange a/k/a Farmers Insurance Group, Famers Underwriters Association, and Texas Farmers Insurance Company.

Subclass #12   Fidelity National Insurance Company

Subclass #13   GeoVera Specialty Insurance Company

Subclass #14   Homesite Insurance Company

Subclass #15   Hull & Company

Subclass #16   Imperial Fire and Casualty Insurance Company

Subclass #17   Lafayette Insurance Company and United Fire Group

Subclass #18   Liberty Mutual Fire Insurance Company

Subclass #19   Lighthouse Property Insurance Corporation

Subclass #20   Louisiana Citizens Property Insurance Corporation

Subclass #21   Louisiana Farm Bureau Mutual Insurance Company

Subclass #22   MetLife Auto & Home Insurance Company

Subclass #23   Republic Fire and Casualty Insurance Company

Subclass #24   Safeco Insurance Company of America

Subclass #25   Shelter Insurance Companies

Subclass #26   Southern Fidelity Insurance Company

Subclass #27   State Farm Insurance and State Farm Fire & Casualty Company

Subclass #28   The American Insurance Company and The Fireman's Fund Insurance Company

Subclass #29   The Hartford Financial Services Group, Inc., AARP of Hartford, and Hartford Insurance Company of the Midwest.

Subclass #30   The Republic Group

Subclass #31   United Fire & Casualty Company

Subclass #32   USAA Casualty Insurance Company

Subclass #33   ZC Sterling Insurance Corporation

Subclass #34   Zurich North America and Empire Fire and Marine Insurance Company

### *State of Florida Properties Subclasses*

Subclass #35   ACA Home Insurance Corporation

Subclass #36   Allstate Floridian Indemnity Company and Allstate Insurance Company

Subclass #37   American International Group, American Home Assurance Company and Chartis Insurance

Subclass #38   American Integrity Insurance Company of Florida

Subclass # 39   American Strategic Insurance Corporation

Subclass #40   Ameriprise Insurance Company

Subclass #41   Amica Mutual Insurance Company

Subclass #42   ASI Lloyds, American Strategic Insurance Corporation, ASI Assurance, ASI Underwriters, Corp., ASI Preferred Insurance Corporation and ASI Underwriters of Texas, Inc.

Subclass #43   Axa Re Property and Casualty

Subclass #44   Cabrillo General Insurance Agency, Inc

Subclass #45   Citizens Property Insurance Corporation

Subclass #46   Coral Insurance Company

Subclass #47   Cypress Property and Casualty Insurance Company

Subclass #48   Empire Indemnity Insurance Company and Zurich North America

Subclass #49   Edison Insurance Company

Subclass #50   Encompass Floridian Insurance Company

Subclass #51   Federated National Insurance Company

Subclass #52   Fidelity Fire & Casualty Company

Subclass #53   Fireman's Fund Insurance Company

Subclass #54   First Community Insurance Company

Subclass #55   Florida Farm Bureau Casualty Insurance Company

Subclass #56   Florida Peninsula Insurance Company

Subclass #57   Great American Insurance

Subclass #58   The Hartford Financial Services Group, Inc., AARP of Hartford, Hartford Insurance Company of the Midwest, and The Hartford Fire Insurance Company

Subclass #59   Homewise Preferred Insurance Company

Subclass #60   Lantana Insurance LTD

Subclass #61   Lexington Insurance Company

Subclass #62   Liberty Mutual Insurance Company

Subclass #63   Magnolia Insurance Company

Subclass #64   Mercury Insurance Group

Subclass #65   Mid-Continent Casualty Company

Subclass #66   National Home Insurance Company

Subclass #67   North Pointe Insurance Company

Subclass #68   Olympus Insurance Company

Subclass #69   Privilege Underwriters Reciprocal Exchange

Subclass #70   QBE Insurance

Subclass #71   Royal Palm Insurance Company

Subclass #72   Scottsdale Insurance Company

Subclass #73   Security First Insurance Company

Subclass #74   Southern Oak Insurance Company

Subclass #75   St. Johns Insurance Company

Subclass #76   State Farm Florida Insurance Company and State Farm Insurance Company

Subclass #77   Teachers' Insurance Company

Subclass #78   Tower Hill Prime Insurance

Subclass #79   Tower Hill Select Insurance

Subclass #80   Tower Hill Preferred Insurance

Subclass #81   Tower Hill Insurance Services

Subclass #82   United Property and Casualty Insurance Company

Subclass #83   Universal Adjusting Corporation

Subclass #84   Universal Insurance Company of North America and Universal Group, Inc.

Subclass #85   Universal Property and Casualty Company

Subclass #86   USAA Casualty Insurance Company

### *State of Alabama Properties Subclasses*

Subclass #87   Allstate Indemnity Company and Allstate Insurance Company

Subclass #88   Farmers Insurance Exchange, Farmers Group, Inc., Fire Underwriters Association as attorney in fact for Fire Insurance Exchange a/k/a Farmers Insurance Group, Farmers Underwriters Association, and Texas Farmers Insurance Company.

### *State of Mississippi Properties Subclasses*

Subclass #89   Mississippi Farm Bureau Insurance

Subclass #90   Nationwide Mutual Insurance Company

### *State of Texas Properties Subclasses*

Subclass #91   Farmers Insurance Exchange, Farmers Group, Inc., Fire Underwriters Association as attorney in fact for Fire Insurance Exchange a/k/a Farmers Insurance Group, Farmers Underwriters Association, and Texas Farmers Insurance Company.

### General Class Allegations and Exclusions from the Class Definitions

193.   The following Persons shall be excluded from the Subclasses: (1) Defendants and their subsidiaries, affiliates, officers, and employees; (2) all Persons who make a timely election to be excluded from the proposed Subclasses; (3) governmental entities; and (4) the judge(s) to whom this case is assigned and any immediate family members thereof.  Plaintiffs reserve the right to modify or amend the definition of the Proposed Subclasses before the Court determines whether certification is appropriate.

194.   Upon information and belief, Chinese manufactured drywall was installed in at least hundreds of homes, residences, or other structures owned by Plaintiffs and Subclass Members.  Therefore, the Subclasses are sufficiently numerous such that joinder of all members of the Subclasses in a single action is impracticable.

195.   There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Subclasses.  Among these common questions of law and fact are the following:

a.   whether one or more of the Homeowners' Insurance Company Defendant's policies provides coverage for direct physical loss as a result of the sulfur compounds emitted by Chinese manufactured drywall located in Plaintiffs' homes;

b.   whether the "Policy Exclusions" contained in the Homeowners' Insurance Company Defendant's policies preclude coverage for direct physical loss as a

result of the sulfur compounds emitted by Chinese manufactured drywall located in Plaintiffs' homes; and,

c.    whether Plaintiffs are entitled to a declaratory judgment that the Policy Exclusions are not effective to deny coverage for direct physical loss as a result of the sulfur compounds emitted by Chinese manufactured drywall located in Plaintiffs' homes.

196.   The legal claims of named Plaintiffs are typical of the legal claims of other Subclass Members. Named Plaintiffs have the same legal interests and need for legal remedies as other class members.

197.   Named Plaintiffs are adequate representatives of the Subclasses in which they participate, and together with their legal counsel, each will fairly and adequately protect the interests of the Subclass Members. Named Plaintiffs have no known conflict with the Subclasses and are committed to the vigorous prosecution of this action.

198.   The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and complex litigation involving harmful products. Counsel will fairly and adequately protect the interests of each of the proposed Subclasses.

199.   The various claims asserted in this action are certifiable under the provisions of Federal Rule of Civil Procedure 23(b)(1) because prosecuting separate actions by or against individual Subclass Members would create a risk of inconsistent or varying adjudications with respect to individual Subclass Members that would establish incompatible standards of conduct for the party opposing the Subclass; or adjudications with respect to individual Subclass Members that, as a practical matter, would be dispositive of the interests of the other Subclass Members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

200.    The claims for injunctive relief in this case are certifiable under Federal Rule of Civil Procedure 23(b)(2).    Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Subclass as a whole.

201.    A class action is superior in this case to other methods of dispute resolution.    The Subclass Members have an interest in class adjudication rather than individual adjudication because of their overlapping rights.    It is highly desirable to concentrate the resolution of these claims in a single forum because it would be difficult and highly unlikely that the affected Subclass Members would protect their rights on their own without this class action case. Management of the class will be efficient and far superior to the management of individual lawsuits. Accordingly, Plaintiffs' legal claims are properly certified pursuant to Rule 23(b)(3).

202.    The issues particularly common to the Subclass Members' claims, some of which are identified above, are alternatively certifiable pursuant to Federal Rule of Civil Procedure 23(c)(4), as resolution of these issues would materially advance the litigation, and class resolution of these issues is superior to repeated litigation of these issues in separate trials.

### COUNT I – DECLARATORY JUDGMENT

203.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

204.    Plaintiffs and Class Members hold valid contracts of insurance with the Homeowners Insurance Company Defendants, which provide coverage for the direct physical loss caused by the sulfur compounds emitted by the Chinese manufactured drywall installed in their homes.

205.    Plaintiffs and Class Members have paid all premiums due under their respective policies with the Homeowners Insurance Company Defendants and have otherwise materially performed their obligations under their respective policies.

206.    Under the terms of each Plaintiff's and Class Member's Homeowners' Insurance Policy, the issuing Homeowners Insurance Company Defendant is obligated to provide coverage for losses associated with an Underlying Claim.

207.    The Homeowners Insurance Company Defendants have failed to meet their obligations under their respective insurance policies and have refused to cover the direct physical losses caused by the sulfur compounds emitted from the Chinese manufactured drywall installed in Plaintiffs' and Class Members' homes.

208.    The Homeowners Insurance Company Defendants have breached their contracts of insurance with Plaintiffs and Class Members by unjustifiably denying their claims for direct physical loss covered by their respective policies.

209.    As a direct and proximate result of the Homeowners Insurance Company Defendants' breach, Plaintiffs and Class Members have been and continue to be deprived of the benefits of insurance coverage for which Defendants were paid substantial premiums. Accordingly, Plaintiffs and Class Members have suffered, and continue to suffer, substantial economic damage, particularly associated with their remediation efforts.

210.    The Homeowners Insurance Company Defendants misrepresent the policy provisions, including the Policy Exclusions, in denying the insurance claims of Plaintiffs and Class Members.

211.    The Pollution Exclusion was never intended to apply to residential homeowner's claims for damages caused by substances emitted from building materials.  The Pollution

Exclusion was intended to apply only to those incidents which would otherwise cause environmental damage and/or otherwise originate from a source outside of the home.

212.    The Wear and Tear, Inherent Vice, and/or Latent Defect Exclusion was intended to apply to expected losses relating to the longevity of a given material and intended to exclude losses which must inevitably happen over time and/or will inevitably occur due to a defect within the item.  In either case the defect or passage of time causes damage to the item itself, not to other items.  In homes containing Chinese manufactured drywall, the drywall itself is not damaged or defective relative to the expected performance of non-defective drywall.  Instead, Chinese manufactured drywall causes damage to other items but is itself undamaged.

213.    The Materials Defect and/or Faulty Workmanship Exclusion does not apply to Chinese manufactured drywall because the drywall itself performs satisfactorily all of the functions of non-defective drywall and because the drywall was installed properly.  Chinese manufactured drywall is fit for its intended use of hanging wall-mounted effects, for painting, as a sound barrier, for heat insulation, as a structural partition between areas of a home and, consequently, is non-defective relative to the intended functions of typical drywall in a home. Furthermore, the damages caused by Chinese manufactured drywall do not involve how the drywall was hung and, therefore, do not involve workmanship issues.

214.    A justiciable controversy exists as to the insurance coverage the policies provide.

215.    Plaintiffs and Class Members are entitled to declaratory relief against the Homeowners Insurance Company Defendants striking the Policy Exclusions, declaring the Policy Exclusions to be inapplicable to direct physical losses arising from the sulfur compounds emitted by the Chinese manufactured drywall located in Plaintiffs' and Class Members' homes,

and/or finding the Policy Exclusions to be ambiguous and construing them against the Homeowners Insurance Company Defendants.

216.    Accordingly, Plaintiffs are entitled to a judgment declaring that the Homeowners Insurance Company Defendants are obligated to provide coverage for direct physical loss as a result of the sulfur compounds emitted by Chinese manufactured drywall located in Plaintiffs' homes, pursuant to 28 U.S.C. § 2201.

**COUNT II – BREACH OF CONTRACT**

217.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

218.    In exchange for the Homeowners Insurance Company Defendants' agreements to insure the real properties owned by Plaintiffs, Plaintiffs paid valuable consideration to the Homeowners Insurance Company Defendants.

219.    Plaintiffs' and Class Members' Homeowners' Insurance Policies require the issuing Homeowners' Insurance Company Defendant to provide coverage for direct physical loss as a result of the sulfur compounds emitted by Chinese manufactured drywall located in Plaintiffs' homes.

220.    By denying, failing or refusing to provide coverage for direct physical loss as a result of the sulfur compounds emitted by Chinese manufactured drywall located in Plaintiffs' homes, the Homeowners' Insurance Company Defendants have breached their contracts with Plaintiffs.

221.    As a result of the Homeowners Insurance Company Defendants' failure or refusal to provide coverage for direct physical loss as a result of the sulfur compounds emitted by Chinese manufactured drywall located in Plaintiffs' homes, Plaintiffs have suffered damages.

**COUNT III – UNJUST ENRICHMENT**

222.    Plaintiffs adopt and restate the preceding paragraphs as if fully set forth herein.

223.    The Homeowners Insurance Company Defendants have received benefits from Plaintiffs in their purchase of homeowners' insurance policies from the Homeowners Insurance Company Defendants.

224.    By denying, failing or refusing to provide coverage for direct physical loss as a result of the sulfur compounds emitted by Chinese manufactured drywall located in Plaintiffs' homes, despite having received compensation in the form of premiums, the Homeowners Insurance Company Defendants have been unjustly enriched.

225.    As a result of the foregoing, Plaintiffs have suffered damages.

### DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the members of the Subclasses, hereby demand a trial by jury as to all issues so triable as a matter of right.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, demand upon the Homeowners Insurance Company Defendants for:

a.    an order certifying the case as a class action;

b.    an order certifying each of the Subclasses;

c.    an order appointing Plaintiffs as the Class Representatives;

d.    an order appointing undersigned counsel and their firms as counsel for the Subclasses;

e.    a declaratory judgment in favor of Plaintiffs and the proposed Subclasses and against the Homeowners Insurance Company Defendants declaring the Policy Exclusions to be inapplicable and mandating coverage for all damages and

remedies under the pertinent insurance policies for direct physical losses as a result of the sulfur compounds emitted by the Chinese manufactured drywall located in Plaintiffs' homes;

f.      compensatory damages;

g.      punitive damages as allowed by law;

h.      pre and post-judgment interest as allowed by law;

i.      injunctive relief enjoining the Homeowners Insurance Company Defendants from dropping coverage, refusing to renew coverage, raising rates, and/or in any other way discouraging or preventing Plaintiffs and Class Members from obtaining and/or maintaining insurance coverage for their respective homes;

j.      an award of attorney's fees as allowed by law;

k.      an award of taxable costs; and,

l.      any and all such further relief as this Court deems just and proper.

Respectfully submitted,

Dated: September 15th, 2010

By:
Russ M. Herman
Leonard A. Davis
Herman, Herman, Katz & Cotlar, LLP
820 O'Keefe Avenue
New Orleans, Louisiana 70113
Phone: (504) 581-4892
Fax: (504) 561-6024
Ldavis@hhkc.com
*Plaintiffs' Liaison Counsel MDL 2047*

**PLAINTIFFS' STEERING COMMITTEE**

Arnold Levin
Fred S. Longer
Levin, Fishbein, Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Alevin@lfsblaw.com
*Plaintiffs' Lead Counsel MDL 2047*

Dawn M. Barrios
Barrios, Kingsdorf & Casteix, LLP
701 Poydras Street, Suite 3650
New Orleans, LA 70139
Phone: (504) 524-3300
Fax: (504) 524-3313
Barrios@bkc-law.com

Daniel E. Becnel, Jr.
Becnel Law Firm, LLC
P.O. Drawer H
106 W. Seventh Street
Reserve, LA 70084
Phone: (985) 536-1186
Fax: (985) 536-6445
dbecnel@becnellaw.com

Victor Manuel Diaz
Podhurst Orseck, P.A.
25 Flagler Street, 8th Floor
Miami, FL 33130
Phone: (305) 358-2800
Fax: (305) 358-2382
vdiaz@podhurst.com

Ervin A. Gonzalez
Colson, Hicks, Eidson, Colson
Matthews, Martinez, Gonzales,
Kalbac & Kane
255 Aragon Avenue, 2nd Floor
Cora Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444
Ervin@colson.com

Ben W. Gordon, Jr.
Levin, Papantonio, Thomas, Mitchell
Echsner & Proctor, P.A.
316 S. Baylen Street, Suite 600
Pensacola, FL 32502
Phone: (850) 435-7000
Fax: (850) 435-7020
bgordon@levinlaw.com

Hugh P. Lambert
Lambert and Nelson
701 Magazine Street
New Orleans, LA 70130
Phone: (504) 581-1750
Fax: (504) 529-2931
hlambert@lambertandnelson.com

Bruce William Steckler
Baron & Budd, P.C.
3102 Oak Lawn Ave., Suite 1100
Dallas, TX 75219
Phone: (214) 521-3605
Fax: (214) 520-1181
bsteckler@baronbudd.com

Gerald E. Meunier
Gainsburgh, Benjamin, David, Meunier
& Warshauer, LLC
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163-2800
Phone: (504) 522-2304
Fax: (504) 528-9973
gmeunier@gainsben.com

Jerrold Seith Parker
Parker, Waichman, Alonso LLP
27399 Riverview Center Blvd.
Bonita Springs, FL 34134
Phone: (239) 390-1000
Fax: (239) 390-0055
Jerry@yourlawyer.com

James Robert Reeves
Lumpkin & Reeves
160 Main Street
Biloxi, MS 39530
Phone: (228) 374-5151
Fax: (228) 374-6630
jrr@lumpkinreeves.com

Christopher Seeger
Seeger Weiss, LLP
One William Street
New York, NY 10004
Phone: (212) 584-0700
Fax: (212) 584-0799
cseeger@seegerweiss.com

Scott Wm. Weinstein
Morgan & Morgan
12800 University Drive, Suite 600
Ft. Meyers, FL 33907
Phone: (239) 433-6880
Fax: (239) 433-6836
sweinstein@forthepeople.com

**OF COUNSEL TO PLAINTIFFS' STEERING
COMMITTEE**

Richard S. Lewis
HAUSFELD LLP
1700 K Street, N.W., Suite 650
Washington, DC 20006
Phone: (202) 540-7200
Fax: (202) 540-7201
rlewis@hausfeldllp.com

Daniel K. Bryson
Lewis & Roberts
3700 Glenwood Avenue, Suite 410
Raleigh, NC 27612
Phone: (919) 981-0191
Fax: (919) 981-0431
dkb@lewis-roberts.com

Jeremy W. Alters
Alters Law Firm
4141 N.E. 2nd Avenue
Suite 201
Miami, FL 33137
Phone: (305) 571-8550
Fax: (305) 571-8559
jeremy@alterslaw.com

Richard Serpe
Law Offices of Richard J. Serpe
Crown Center, Suite 310
580 East Main Street
Norfolk, VA 23510-2322
Phone: (757) 233-0009
Fax: (757) 233-0455
rserpe@serpefirm.com

## COUNSEL FOR INDIVIDUAL PLAINTIFFS[1]

**Baron & Budd, P.C, Alters Law Firm and
Shapiro, Blasi, Wasserman & Gora, P.A.**
*Counsel on Behalf of the Following Individual Plaintiffs*

Baker, Keith and Leri, Linda
Barosy, Regine and St. Ford, Eddy
Burgeois, Bryan and Sandra
Cattano, Phyllis
Davis, Paul and Susan
Dearborn, John and Charlotte
D'Loughey, Daniel
Firmani, Terry Lee
Green, Colin and Natasha
Insco, John and Ruth
Marlinga, Dan and Janice
Massop, Lois
McKinney, Ali an Ilka
Morton, Robert
Peace Harbor Condo Association c/o Penny Hill
Rose, Novlet and Lionel
Sampson, Henry and Pauline
Sanden, Paul
Schiller, John and Lynn
Simms, Troy and Carrie
Tinney, Marjorie

---

[1]Attached hereto as Exhibit "C" is the contact information for each plaintiff's counsel.

### Barrios, Kingsdorf & Casteix, LLP
*Counsel on Behalf of the Following Individual Plaintiff*

Creech, Raymond and Corrye
Goin, Byron
Kelly, Francine
Legendre, Eugene
Macrory, Ann
Milliet, Joel and Pearl
O'Hear, Anne
Puig, Donald and Marcelyn
Salzer, Doug and Lisa

### Becnel Law Firm, LLC
*Counsel on Behalf of the Following Individual Plaintiff*

Hulsey, Charles and Sarah

### Berniard Law Firm, L.L.C.
*Counsel on Behalf of the Following Individual Plaintiffs*

Dufrene, Ernest and Rosetta

### Blizzard, McCarthy & Nabers, LLP
*Counsel on Behalf of the Following Individual Plaintiffs*

Schlabach, Eric and Stacy

### Gainsburgh, Benjamin, David, Meunier & Warshauer, LLC
*Counsel on Behalf of the Following Individual Plaintiffs*

Benjamin, Jack
Hopper, Dean
Petagna, Brent

### George Hartz & Lundeen
*Counsel on Behalf of the Following Individual Plaintiffs*

Bermuda Village Condo Association
Candela, Hilario
Ramiro, Julio and Myriam
Sternstein, Gerald and Susan

### Gould Cooksey Fennell, P.A.
*Counsel on Behalf of the Following Individual Plaintiffs*

Lindsay, Horace and Donna
Hernandez, James and Sherri

**Hawkins, Stracener & Gibson, PLLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Matos, Jose

**Herman, Herman, Katz and Cotlar LLP**
*Counsel on Behalf of the Following Individual Plaintiffs*

Hernandez, Charlene and Tatum
Maillot, Georges and Janice
Naden, Craig and Roberta
Ryckman, Rickey
Wenzel, John and Lorraine

**Hymel, Davis & Petersen, LLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Lewis, Emily and Jared
Robins, Kelvin and Alicia

**Krupnick Campbell Malone Buser Slama
Hancock Liberman & McKee, P.A.**
*Counsel on Behalf of the Following Individual Plaintiffs*

Anderson, William and Mary
Arnold, Lee and Maureen
Hall, Katherine and Heckman, Gary
James, Richard and Marian
McPherson, William and Claudette
Wilbar Investments, LLC

**Lambert & Nelson, PLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Back, Charles and Mary
Eide, Stale
Fineschi, Connie and Nicola

**Law Offices of Sidney D. Torres, III**
*Counsel on Behalf of the Following Individual Plaintiffs*

Boudreaux, Shaun and Justine
Breaux, Roy Sr.
Landry, Gerald

**Lemmon Law Firm, LLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Clement, Paul and Celeste

**Lewis & Roberts, PLLC**
*Counsel on Behalf of the Following Individual Plaintiff*

Brandt, Sherolyn V.
Keyt, Stacey

**Martzell & Bickford**
*Counsel on Behalf of the Following Individual Plaintiffs*

Callais, Gary and Michelle
Schields, Larry
Seiler, Marie

**McIntosh, Sawran, Peltz & Cartaya, P.A.**
*Counsel on Behalf of the Following Individual Plaintiff*

Cox, Thomas and Kelly
Quackenbush, Lorraine and Ronald

**Morgan & Morgan**
*Counsel on Behalf of the Following Individual Plaintiffs*

Aumack, Gary and Nancy
DiSapio, Tonya and Carmine
Feinhor, Jack and Vicki
James, Jason and Jessica
McShane, Patrick and Ying-Ji
Sangiovanni, Ralph and Catherine
Terlizzi, John
Vickers, Philip and Sandra
Vollmar, Frank and Elizabeth

**Morris Bart LLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Collignon, Robert

**Parker, Waichman, Alonso, LLP**
*Counsel on Behalf of the Following Individual Plaintiffs*

DeLeon, Gordon and Donna
Huzey, John
Mendez, Jose
McKnight, Ashley and Gloria
Rodriguez, Elizabeth and Ramon
Sellman, Terry
Schwall, Edward and Madeline

**Paul A. Lea, Jr., APLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Bonnecarrere, Wavi Lee
Piwetz, Randy

**Pendley, Baudin & Coffin, L.L.P.**
*Counsel on Behalf of the Following Individual Plaintiffs*

Greene, Craig
Stanley, Bill and Amanda
Thomas, Brian and Tamara
Youmans, Cassandra

**Reich & Binstock, LLP**
*Counsel on Behalf of the Following Individual Plaintiff*

Frazier, Debra Ann

**Stone, Granade & Crosy, P.C.**
*Counsel on Behalf of the Following Individual Plaintiff*

Styron, Brian Charles

**Taylor, Martino, Zarzaur, P.C.**
*Counsel on Behalf of the Following Individual Plaintiff*

Anglada, Mark and Gina

**The Law Office of Joseph M. Bruno, APLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Harvey, Lawrence
Linzy, Sherie

**Walters, Papillion, Thomas, Cullens, LLC**
*Counsel on Behalf of the Following Individual Plaintiff*

Roth, Robert and Langlois

**Yance Law Firm, LLC**
*Counsel on Behalf of the Following Individual Plaintiffs*

Cotton, Matthew C. and Melanie